MESA MICROWAVE, INC., Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Respondent.

CARTER MOUNTAIN TRANSMISSION
CORPORATION, Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Respondent.

EAST TEXAS TRANSMISSION COM-
PANY, Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Respondent.

IDAHO MICROWAVE, INC., Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Respondent.

NEW YORK PENN MICROWAVE COR-
PORATION, Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Respondent.

VALLEY MICROWAVE CORP.,
Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Respondent.

Nos. 14729, 14745, 14747, 14750,
14753, 14765.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 1, 1958.

Decided Dec. 24, 1958.

Mr. E. Stratford Smith, Washington,
D. C., with whom Mr. John P. Cole, Jr.,

Washington, D. C., was on the petitions, for petitioners.

Mr. Richard A. Solomon, Asst. General Counsel, Federal Communications Commission, with whom Mr. John L. Fitzgerald, General Counsel, Federal Communications Commission, and Mr. Mark E. Fields, Counsel, Federal Communications Commission, were on the answers, for respondent.

Mr. Edward K. Wheeler, Washington, D. C., for amici curiæ Capital City Television, Inc., et al., in Nos. 14729, 14745, 14747, 14750 and 14753.

Mr. Vernon L. Wilkinson, Washington, D. C., with whom Mr. James A. McKenna, Jr., Washington, D. C., was on the pleadings, for amici curiæ Southwestern Operating Co., et al., in No. 14729, for amici curiæ Joseph P. Ernst, et al., d/b/a Chief Washakie TV, in No. 14745, and for amicus curiæ The Channel 7 Co. in No. 14747.

Mr. J. Roger Wollenberg, Washington, D. C., with whom Messrs. Andrew G. Haley and Edward F. Kenehan, Washington, D. C., were on the pleadings for amicus curiæ Southern Idaho Broadcasting & Television Co., in No. 14750.

Before PRETTYMAN, Chief Judge, and BAZELON and WASHINGTON, Circuit Judges.

PRETTYMAN, Chief Judge.

█ This is a petition [1] for an order in the nature of a writ of mandamus; specifically, as entitled by petitioner, an order directing the Federal Communications Commission to grant or designate for hearing certain applications for licenses filed by petitioner. This is an extraordinary remedy, as is mandamus, and is to be used only upon clear showing of necessity.

Petitioner, Mesa Microwave, Inc., is a communications common carrier. It is eligible for radio (including video) station authorizations under Commission regulations. The problem here presented arose in the following fashion.

█ Since television waves do not bend, various communities deep-seated in mountainous or hilly country receive no television service, notwithstanding the waves go across the mountain tops over their heads. Also many small and medium-sized communities are outside the service area of any television station or within only fringe service. Lack of local television stations is due in part to the engineering difficulties of the UHF-VHF situation and in part to the economics of television broadcasting. In any event, various and sundry remedies have been devised. The one with which we are here concerned consists of a local antenna distributor and a hookup by microwave with television service from some distant point. A distributor antenna, called a community antenna television system, is set up in the midst of the community. A receiving antenna is built some distance from the community at a point where television signals from one or more broadcasting stations can be picked up. The signals picked up at the receiving point are, in the case before us, transmitted by microwave to the community distributor antenna. They are transmitted thence by wire to subscribers. The operator of the microwave relay in our case is, as we have indicated, a common carrier.

When these various devices first came into operation the Commission licensed some of them. Then it developed doubt as to its powers over them. Moreover problems began to appear. Among the problems were the plight of local television stations when community antenna

1. There are in fact six petitions before us, as indicated in the caption to this opinion. The several petitions were consolidated for consideration here. For ease and simplicity of discussion we refer throughout to the first-listed case, that of Mesa Microwave, Inc. The same reasoning and opinion apply to the other cases. Separate judgments will be entered upon authority of this opinion.

systems carrying nationally broadcast programs came into the area. If the latter drives out the local operator, what happens to the voice of the local community, and what happens to the rural areas where wire service from the community antenna is not feasible? Eventually the Commission called a halt to the granting of these applications and set out a "notice of inquiry" concerning the whole subject matter, listing fourteen questions for attention. The proceeding is now known as "Docket No. 12443". Authority for the proceeding is claimed under Section 403 of the Communications Act of 1934.[2] Interested persons were invited to submit comments, and many did so. The record was closed in July of this year, 1958. No ruling has as yet been announced.

In the meantime our petitioner had filed, before the so-called freeze order, several applications for licenses to relay television signals to community antenna systems by microwave. Action on these applications has been delayed by the general inquiry. In its present petition, as we have already indicated, Mesa Microwave asks us to require the Commission to act on these applications—not to take any specific action but to take some action.

We think petitioner has not made out a case for the kind of order it seeks. It was proper for the Commission to institute a general inquiry to determine what general program it should follow in dealing with this multiplicity of problems—jurisdiction, engineering, economics, and general national television policy. We think the time from July until now is not so inordinate a delay as to justify the interposition of judicial authority in administrative proceedings midway in that process. The order now sought by petitioner must therefore be

Denied.