**HARVEY RADIO LABORATORIES, INC., Petitioner,**

v.

**UNITED STATES of America and Federal Communications Commission, Respondents,**

**WGN, Inc., Clear Channel Broadcasting Services, Intervenors.**

No. 15522.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 17, 1961.

Decided March 30, 1961.

Petition for Rehearing En Banc Denied April 21, 1961.

Mr. Benedict P. Cottone, Washington, D. C., with whom Mr. Arthur Scheiner, Washington, D. C., was on the brief, for petitioner.

Mr. Max D. Paglin, now Gen. Counsel, Federal Communications Commission, with whom Messrs. John L. FitzGerald, Gen. Counsel of Federal Communications Commission at time brief was filed, Richard M. Zwolinski, Counsel, Federal Communications Commission, Richard A. Solomon, and Henry Geller, Attys., Dept. of Justice, were on the brief, for respondents.

Mr. Aloysius B. McCabe, Washington, D. C., with whom Messrs. Reed T. Rollo and R. Russell Eagan, Washington, D. C., were on the brief, submitted on the brief, for intervenors.

Before MAGRUDER, Senior Circuit Judge for First Circuit *, and BAZELON and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Petitioner is an applicant for a station on a Class I–A radio frequency. The earliest predecessor of its frequently amended application was filed in 1951. Since that application sought permission to increase its power on a Canadian Class I–A frequency, it was held in abeyance pending ratification of the North American Regional Broadcast Agreement (NARBA). After amendment to a United States Class I–A frequency the application was not processed because of a regulation staying action on such applications until completion of the rule making proceeding known as the Daytime Skywave proceeding.[1] Although that matter has now been concluded, petitioner's application remains under another "freeze" regulation [2] holding such applications until the completion of a rule making proceeding known as the Clear Channel case.

Petitioner filed a request with the Commission asking action on its application. The request having been denied,[3] review is sought on the ground that agen-

* Sitting by designation pursuant to Sec. 294(b), Title 28 U.S.C.

1. The nature of this complex proceeding is discussed in our opinion in Harbenito Broadcasting Co. v. FCC, 1954, 94 U.S. App.D.C. 329, 218 F.2d 28. The final order was affirmed in Clear Channel Broadcasting Serv. v. United States, 1960, 109 U.S.App.D.C. 88, 284 F.2d 222.

2. 47 C.F.R. § 1.351 (Supp.1960).

3. 19 P & F R.R. 515 (FCC 1959).

cy action has been unreasonably delayed in contravention of section 10 of the Administrative Procedure Act, 5 U.S.C. A. § 1009(e) (A), and that the grant of hearings on certain other applications demonstrates that exceptions to the "freeze" regulations have been made which warrant action in petitioner's favor.

■ The complexity and ramifications of the far-reaching problem presented by the Clear Channel case have been stated by the Commission:

> "The controversy resolves itself into whether it would be better to share existing nighttime facilities on clear channels with applicants throughout the United States proposing to serve areas where little or no satisfactory service presently exists, or to allow only the present licensees on each clear channel to have super power in order to better their coverage. 1949 FCC Ann.Rep. 37."

In addition to the delays inherent in the resolution of the problem, a moratorium was imposed upon the proceedings for a five year period while NARBA was under consideration. See American Broadcasting Co. v. FCC, 1951, 89 U.S.App.D.C. 298, 301–302, 191 F.2d 492, 496.

The Clear Channel proceeding contemplates the possibility of a fundamental realignment of radio stations on the clear channel frequencies. Accordingly, "piecemeal" consideration of requests for individual locations on these frequencies might well prejudice the ultimate allocation and defeat the purposes of the program. And the effort invested in a determination of individual proposals might be rendered futile by a contrary disposition of the rule making proceeding—thus producing even more delay. We cannot say that a delay caused by the difficulty of the problem and by changing conditions which required reopening of the record is an unnecessary delay, even where it is a long and unfortunate delay. Cf. Mesa Microwave, Inc. v. FCC, 1958, 105 U.S.App.D.C. 1, 262 F.2d 723; Har-

benito Broadcasting Co. v. FCC, 1954, 94 U.S.App.D.C. 329, 218 F.2d 28. In FCC v. WJR, The Goodwill Station, Inc., 1949, 337 U.S. 265, 69 S.Ct. 1097, 93 L.Ed. 1353, the petitioner contended that pending determination of the Clear Channel case the Commission could not consider an application which allegedly would cause objectionable interference with petitioner's operation. In rejecting this argument the Supreme Court said that

> "the judicial regulation of an administrative docket sought by WJR 'would require [the Court of Appeals] to direct the order in which the Commission shall consider its cases.' And this, as the court said, it 'cannot do.' [WJR, The Goodwill Station v. FCC] 174 F.2d [226] 231. 'Only Congress could confer such a priority.'" 337 U.S. at page 272, 69 S.Ct. at page 1102.

The holding in American Broadcasting Co. v. FCC, supra, does not aid petitioner. There the complainant was an existing station. Continued grants of temporary authority allowed another station to operate on the complainant's frequency for a period of ten years. We held that this was tantamount to a modification of the license of the existing station which could not be allowed to continue without a hearing. Cf. Community Broadcasting Co. v. FCC, 1960, 107 U.S.App.D.C. 95, 274 F.2d 753. The instant case, involving a new applicant, is clearly distinguishable.

■ For the same reason, petitioner's contention that the Commission has acted arbitrarily in denying its request for hearing while acting on other applications for clear channel frequencies must be rejected. In four of the cited cases the applicant was an existing station already operating on the Class I–A frequency involved, not a station seeking assignment to a Class I–A frequency for the first time. The remaining case involved a proposed shift to a Class I–B frequency, which the Commission states is not involved in the Clear Channel proceeding. Thus the policy and procedure which the Commission has followed is

not without reasonable basis, notwithstanding the time factors involved.

Our action in affirming the order of the Commission, of course, does not alter the obligation of the Commission to dispose of these matters as promptly as possible. Delays of such length as shown here must always be subject to close judicial scrutiny.

The order of the Commission is

Affirmed.